STATE, EX REL. ROY CARSON ET AL., APPELLANTS, V. W. D. SMITH, SHERIFF, APPELLEE.

FILED JUNE 8, 1926. No. 24853.

Intoxicating Liquors: SENTENCE. The relators, A. and B., were charged in the county court with the unlawful possession and transportation of intoxicating liquor, and each pleaded guilty thereto; A. was sentenced to 60 days imprisonment in the county jail, the first and last 20 days of which to be on bread and water, and B. to 60 days imprisonment, the first and last 20 days of which to be on bread and water, and to pay a fine of $100. Held, that such charge of possession comes within section 3247, as amended by chapter 94, Laws 1923, and such charge of transportation within section 3238, and the punishment as to each within section 3288, Comp. St. 1922; further, that the sentence as to A. is valid; that such court at the time was without jurisdiction to impose a sentence of both fine and imprisonment, hence the sentence as to B. is void; held, further, as to A., that the part of the sentence providing for a bread and water diet, as applied to the facts disclosed, does not violate section 9, art. I of our Constitution.

APPEAL from the district court for Burt county: JAMES M. FITZGERALD, JUDGE. Affirmed as to Roy Carson, and reversed and remanded, with directions, as to Cecil Spielman.

A. R. Oleson, for appellants.

O. S. Spillman, Attorney General, Harry Silverman and Herbert Rhoades, contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

In this case the petition for writ of habeas corpus avers,

in substance, that relators are unlawfully restrained of their liberty by respondent, sheriff of Burt county, under a warrant of commitment issued by the county court of such county, on a judgment rendered therein; that the complaint charged as to relators that they unlawfully did have and possess and transport intoxicating liquor within such county on April 18, 1925; that they were arraigned on April 20, 1925, and each pleaded guilty; that Roy Carson was ordered to confinement in the county jail for 60 days, the first and last 20 days of which to be upon an exclusive diet of bread and water, and that he pay a fine of $100 and costs; that such judgment as to Carson included the following: "It is further ordered by the court that said fine be and the same is hereby refunded to said defendant." That the same and identical judgment was entered as to Spielman, except that the fine was not refunded.

A demurrer was interposed by respondent, and the same was sustained by the court and the action dismissed. The relators appeal, and, as grounds for reversal, challenge the jurisdiction of the county court to impose both fine and imprisonment; also, that the part of the judgment providing for a bread and water diet contravenes section 9, art. I of our Constitution, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

The charge in the complaint as to unlawful possession is covered by section 3247, Comp. St. 1922, which reads in part as follows: "It shall be unlawful for any person to have, possess or permit any intoxicating liquor to be in, upon or about any room, office, building or any other place except in such person's private dwelling house." The charge as to transportation is covered by section 3238, Comp. St. 1922, which provides in part: "It shall be unlawful for any person to * * * transport * * * any malt, spirituous, vinous or intoxicating liquor." The penalty for each crime charged is provided by section 3288, Comp.St. 1922, as follows: "Any person, who shall by himself or through his agent violate any of the provisions of this act,

shall, except where another penalty is otherwise expressly provided, be deemed guilty of a misdemeanor, and upon, conviction thereof shall, for the first offense, be fined the sum of one hundred dollars, or be imprisoned in the county jail not less than thirty days nor more than sixty days."

These two charges being contained in the same count, not being inconsistent and covered by the same penalty, form but a single offense. *Winkelmann v. State, ante* p. 1.

As to the judgment against Roy Carson: The imposition of a fine of $100, and the refunding thereof, are parts of the same judgment; the refunding was in fact as well as in law a remittitur or a cancelation of such fine, and therefore the judgment stands as one for imprisonment alone. As no fine was imposed, the case as to Carson comes under the sentencing provisions of section 3288, Comp. St. 1922, as hereinbefore indicated.   Hence, error was not committed by the trial court in sustaining the demurrer interposed as to him.

We come now to consider the judgment against Cecil Spielman: He was sentenced under section 3239, Comp.St. 1922, as amended by chapter 106, Laws 1925.   Attention is called to the fact that up and until February 13, 1925, magistrates, including the county judge, were clothed with jurisdiction in such cases to that of a sentence of imprisonment for 90 days, or a fine of $100, as provided by section 9989, Comp.St.1922.   The legislature of 1925 enacted chapter 57, Laws 1925, which enlarged this jurisdiction, by repealing such section 9989 and substituting therefor the following: "Magistrates shall have jurisdiction concurrent with the district court and coextensive with their respective counties, in all criminal cases where the punishment cannot exceed three months imprisonment, and a fine of one hundred dollars, or both, except as otherwise provided by law."   This act was passed without an emergency. Hence, it would not become operative until the following July, and was not in force at the time of the trial in the county court.   Thus, such court was without jurisdiction to enter a judgment of both fine and imprisonment.

The constitutional question presented here as to Carson is controlled by the opinion rendered in the case of *State v. Smith, ante,* p. 653.

It is unnecessary to consider such question as to Spielman, for the reason that the sentence as to him is null and void for want of jurisdiction on the part of the county to enter such a judgment. The district court erred in sustaining the demurrer interposed, and in not entering judgment as prayed in favor of Spielman.

It follows from what has been said that the judgment of the trial court as to Roy Carson should be affirmed; as to Cecil Spielman, the judgment should be reversed and the cause remanded, with instructions to enter discharge as to him in accordance with the prayer of his petition.

AFFIRMED AS TO ROY CARSON, AND REVERSED AND RE-
MANDED, WITH DIRECTIONS, AS TO CECIL SPIELMAN.